IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAPA BROOKLYN 2004, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2006-N |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Wilmington Savings Fund Society, FSB's ("Wilmington") Rule 12(b)(6) motion to dismiss [3]. For the reasons below, the Court grants Wilmington's motion.

### I. ORIGIN OF THE DISPUTE

This dispute centers on mortgaged property in Dallas owned by Plaintiff BAPA Brooklyn 2004, LLC ("Brooklyn"). Notice Removal Ex. B-1, Original Pet. 7–8 [1.1]. Wilmington, a national banking association, holds Brooklyn's mortgage. *Id.* Due to Brooklyn's alleged default on its loan, Wilmington sought to foreclose on the property multiple times. Def.'s Brief Support Mot. Dismiss 1 [4]. Brooklyn brought two actions in state court prior to this suit to prevent the foreclosure attempts. *Id.* Both of those suits were dismissed. *Id.*

After Wilmington again attempted to sell the property in foreclosure proceedings, Brooklyn filed this suit in state court, alleging Wilmington breached its contract by failing

ORDER – PAGE 1

to give the notice of default and opportunity to cure required by the security documents. Notice Removal Ex. B-1, Original Pet. 7–8 [1.1]. Wilmington filed this motion to dismiss, arguing that res judicata bars Brooklyn's claims.

## II. LEGAL STANDARDS

### A. *Rule 12(b)(6) Motion to Dismiss*

When ruling on a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013).

### B. *Res Judicata*

The doctrine of res judicata ensures that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). When the prior judgment was rendered by a state court, federal courts must apply that state's res judicata standard to determine the effect of the state judgments. *Shimon v.*

ORDER – PAGE 2

*Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009). Under Texas law, res judicata applies when (1) the parties to both actions are either identical or in privity; (2) a court of competent jurisdiction rendered a final judgment on the merits in the prior action; and (3) the second action is based on the same claims that were raised or could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). Texas applies the "transactional" test to determine whether claims were raised or could have been raised in the prior action. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798–99 (Tex. 1992) ("[A] judgment in an earlier suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.") (internal quotation omitted).

Generally, res judicata arguments cannot be raised in a Rule 12(b)(6) motion to dismiss and must be pled as an affirmative defense. *Meyers*, 540 F. App'x at 410. Courts may consider res judicata grounds for dismissal, however, "when the facts are admitted or not controverted or are conclusively established." *Id.*; *see also Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper.").

### III. THE COURT FINDS THAT RES JUDICATA WARRANTS DISMISSAL

As a threshold matter, Brooklyn argues that neither the state court pleadings and judgments attached to Wilmington's motion nor its res judicata arguments may be considered in deciding this Rule 12(b)(6) motion. The Court disagrees and finds it may take notice of the documents attached to Wilmington's motion because they are part of the

ORDER – PAGE 3

public record directly relevant to the allegations in Brooklyn's complaint. *See Meyers*, 540 F. App'x at 409. Res judicata arguments may be entertained here, as the elements of res judicata are evident from uncontroverted facts judicially noticed. *See Hall*, 305 F. App'x at 229 ("Because [plaintiff's] own pleadings and the judicially noticed, publicly available documents all reveal that res judicata's four requirements are satisfied, the district court properly granted defendants' Rule 12(b)(6) motion to dismiss.").

Uncontroverted facts establish the first two elements of res judicata. The Texas state court judgments show, and Brooklyn does not dispute, that the parties in this action are identical to the parties in the two previous lawsuits and that there are final judgments on the merits in those cases rendered by state courts with jurisdiction to do so. Appx. Support Def.'s Mot. Dismiss 2–3, 14, 16–17, 42 [5]. Brooklyn challenges only the third element, arguing that the different foreclosure notices in the previous cases distinguish them from the current litigation involving a new foreclosure notice and foreclosure attempt. Pltf.'s Resp. Def.'s Mot. Dismiss 2 [8].

The Court finds, however, that the claims raised in this action could have been raised in either of Brooklyn's previous suits. In all three actions, Brooklyn is contesting Wilmington's ability to foreclose on the same property pursuant to Brooklyn's ongoing default of the same mortgage contract. Appx. Support Def.'s Mot. Dismiss 3, 17 [5]; Removal Ntc., Exh. B-1 7–8 [1.1]. Both Brooklyn's previous state court suits and this action allege breach of contract and request injunctive relief, and all the claims are premised on the same key facts: Wilmington's alleged failures to provide adequate notice prior to foreclosure attempts on the same property pursuant to the same loan agreement

and alleged default. Appx. Support Def.'s Mot. Dismiss 3, 6–7, 17, 19 [5]. *See Mitchell v. Ocwen Loan Servicing, LLC*, 2019 WL 5647599, at *5 (N.D. Tex. 2019) ("Despite the new foreclosure sale notice, the same set of facts was at issue in the First Lawsuit and Plaintiffs could have asserted their statutory violations in the First Lawsuit."); *see also Getty Oil Co.*, 845 S.W.2d at 799 (finding res judicata barred a subsequent suit concerning the same contract and requested relief adjudicated in a prior suit). The Court finds that res judicata bars this suit and accordingly dismisses it.

## CONCLUSION

Because the elements of res judicata are evident based on uncontroverted, judicially noticed facts, the Court grants Wilmington's motion and dismisses this case with prejudice. Brooklyn does not request leave to replead, and the Court does not believe any amended pleading could avoid res judicata.

Signed January 2, 2020.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 5